# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**SARAH BLAKELY,**

            **Plaintiff,**

v.                                                    **Case No:   6:16-cv-987-Orl-37GJK**

**COMMISSIONER OF SOCIAL
SECURITY,**

            **Defendant.**

_____

# REPORT AND RECOMMENDATION

Sarah Blakely (the "Claimant"), appeals from a final decision of the Commissioner of Social Security (the "Commissioner"), denying her application for Social Security disability insurance benefits and Supplemental Security Income payments. Doc. No. 1; R. 1-6. Claimant alleges an onset date of disability of May 31, 2012. R. 197. Claimant argues that the Administrative Law Judge (the "ALJ") erred by: (1) applying an incorrect legal standard to the opinion of the consultative examining psychologist; (2) formulating a residual functional capacity that conflicts with the opinion of the physical consultative examining medical doctor and not addressing that conflict; and (3) failing to explain a possible conflict between the vocational expert's testimony and the Dictionary of Occupational Titles. Doc. No. 14 at 11-13, 17-19, 21-23. For the reasons set forth below, it is recommended that the Commissioner's final decision be **REVERSED** and these proceedings **REMANDED**.

## I.     STANDARD OF REVIEW.

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g) (2010). Substantial evidence is more than a scintilla – i.e., the evidence must

do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court must view the evidence as a whole, considering evidence that is favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

## II.   ANALYSIS.

### A.  Weight Given Consultative Examining Psychologist's Opinion

Claimant argues that the ALJ erred by giving insufficient reasons for according little weight to the opinion of the consultative examining psychologist, Dr. Baptiste-Boles. Doc. No. 14 at 13. The ALJ stated the following regarding Dr. Baptiste-Boles's opinion that Claimant's symptoms moderately to severely impact her activities of daily living, vocational performance, and interpersonal interactions: "This opinion deserves limited weight as the claimant had not been entirely truthful regarding the loss of her job and the record on the whole does not support the limitations offered by Dr. Baptiste-Boles." R. 18. The ALJ did not explain how the record on the whole does not support Dr. Baptiste-Boles's opinion regarding Claimant's limitations. R. 18.

Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part of steps four and five of the ALJ's sequential evaluation process for determining disability.[1] The Eleventh Circuit clarified the standard the Commissioner is required to use when considering medical opinion evidence. In *Winschel v. Commissioner of Social Security*, the Eleventh Circuit held that whenever a doctor offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite the impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. 631 F.3d 1176, 1178-79 (11th Cir. 2011) (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)). "'In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence.'" *Winschel*, 631 F.3d at 1179 (quoting *Cowart v. Schwieker*, 662 F.2d 731, 735 (11th Cir. 1981). *See also MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986) (failure to state with particularity the weight given to opinions and the reasons therefor constitutes reversible error); *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (failure to clearly articulate reasons for giving less weight to the treating physician's opinion constitutes reversible error).

Here, the ALJ assigned Dr. Baptiste-Boles's opinion little weight for two reasons: first, because "the claimant had not been entirely truthful regarding the loss of her job[,]" and second, because "the record on the whole does not support the limitations offered by Dr. Baptiste-Boles." R. 18.

---

[1] See *McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986), and 20 C.F.R. § 404.1520(a)(4) (2012), for a description of the five-step sequential process to determine whether a claimant is entitled to supplemental security income and disability insurance benefits.

Dr. Baptiste-Boles's report stated that Claimant said that her Burger King job ended due to her physical limitations, R. 379, which is contrary to Claimant's testimony in the hearing that she lost her job because she stole twenty dollars, R. 41. Dr. Baptiste-Boles states in her opinion that Claimant was the sole informant, and she described the information that Claimant gave her as "appear[ing] reliable and accurate." R. 377. Claimant's testimony at the hearing, however, demonstrates that at least part of the information she gave to Dr. Baptiste-Boles was not reliable and accurate. Thus, the ALJ's reason for assigning Dr. Baptiste-Boles's opinion little weight because Claimant appears to have lied to the doctor about why she no longer works at Burger King is supported by competent substantial evidence.

The second reason the ALJ gave for discounting Dr. Baptiste-Boles's opinion is that "the record on the whole does not support the limitations offered by Dr. Baptiste-Boles." R. 18. Dr. Baptiste-Boles's opinion discussed mental limitations, R. 380, and the ALJ did not identify conflicting evidence regarding mental limitations. R. 18. Instead, the ALJ then proceeded to discuss Dr. Barber's physical consultative examination. R. 19. The ALJ failed to explain how the record on the whole does not support Dr. Baptiste-Boles's opinion, and this conclusory statement is not sufficient to support giving Dr. Baptiste-Boles's opinion little weight. *Poplardo v. Astrue*, No. 3:06-cv-1101-J-MCR, 2008 WL 68593 at *11 (M.D. Fla. Jan. 4, 2008) (failure to specifically articulate evidence contrary to treating doctor's opinion requires remand); *Paltan v. Comm'r of Soc. Sec.*, No. 6:07-cv-932-Orl-19DAB, 2008 WL 1848342 at *5 (M.D. Fla. Apr. 22, 2008) ("The ALJ's failure to explain how [the treating doctor's] opinion was 'inconsistent with the medical evidence' renders review impossible and remand is required."). The Eleventh Circuit has stated that an ALJ's failure to "provide the reviewing court with sufficient reasoning for determining that

the proper legal analysis has been conducted mandates reversal." *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

The Commissioner argues that the ALJ need not give good reasons for the weight he assigns examining, but not treating, doctors' opinions. Doc. No. 14 at 14. The Commissioner relies on *Denomme v. Commissioner, Social Security Administration*, 518 F. App'x 875, 878 (11th Cir. 2013), Doc. No. 14 at 14, but in that case, the ALJ did not discredit nor explicitly indicate the weight that he afforded the examining doctors' reports. Here, the ALJ specifically assigned Dr. Baptiste-Boles's opinion little weight. R. 18.

Although the ALJ's second reason for according Dr. Baptiste-Boles's opinion little weight was not adequately articulated to support that determination, that error is harmless because, as discussed above, the ALJ's first reason is adequately supported by the record. There is substantial evidence supporting the ALJ's decision to give Dr. Baptiste-Boles's opinion little weight due to the doctor's reliance on information that Claimant provided, and therefore it is recommended that the Court reject Claimant's argument that the ALJ gave insufficient reasons for assigning Dr. Baptiste-Boles's opinion little weight. *D'Andrea v. Comm'r of Soc. Sec. Admin.*, 389 F. App'x 944, 948 (11th Cir. 2010) (rejecting the claimant's argument "that the ALJ erred in failing to accord appropriate weight to the opinion of her treating physician . . . because the ALJ articulated at least one specific reason for disregarding the opinion and the record supports it.").[2]

### B.  The RFC Determination

Claimant's second argument is that the ALJ erred in formulating a residual functional capacity ("RFC") that did not account for the opinion of the physical consultative medical examiner, Dr. Barber, even though the ALJ gave Dr. Barber's opinion significant weight. Doc.

---

[2] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

No. 14 at 18. Dr. Barber opined that Claimant cannot kneel, squat, or walk for long periods of time. R. 388. The ALJ's RFC, however, does not contain any restrictions on kneeling or squatting and states that Claimant can "stand and/or walk for 45 minutes at a time for a total of four to six hours a day." R. 17. Claimant argues the ALJ did not comply with Social Security Ruling 96-8p. Doc. No. 14 at 19.

SSR 96-8p states, "The RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." Titles II & XVI: Assessing Residual Functional Capacity in Initial Claims, SSR 96-8p (S.S.A. July 2, 1996). In *Watkins v. Commissioner of Social Security*, 457 F. App'x 868, 871 (11th Cir. 2012),[3] the ALJ gave great weight to the opinion of the treating neurologist and noted that the neurologist opined that the claimant "could not work more than five or six hours in an eight hour workday if she had a sit/stand option . . . ." The ALJ did not incorporate the neurologist's limitation into the RFC "or give a reason for not doing so . . . ." *Id.* There is no requirement that the ALJ refer to all of the evidence, but "he is required to 'sufficiently explain[ ] the weight he has given to obviously probative exhibits.'" *Id.* (citing *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir.1981)). The case was remanded because the court could not "determine whether the ALJ's ultimate decision on the merits was rational and supported by substantial evidence" without a clear explanation of the ALJ's treatment of the limitation. *Id.* The court rejected the Commissioner's argument that the neurologist's limitation was inconsistent with the neurologist's other statements and other evidence, as agreeing with that argument would constitute affirming based on an impermissible post hoc rationale. *Id.* at 871-72. *See also Hensley v. Colvin*, 89 F. Supp. 3d 1323, 1328–29 (M.D. Fla. 2015) (reversal required where the ALJ's RFC

---

[3] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

assessment did not account for the limitations assessed by the state agency consultant or explain his reasons for rejecting the limitations, even though the ALJ noted the doctor's limitations in his decision).

Similarly to *Watkins*, here the ALJ afforded Dr. Barber's opinion significant weight, and noted Dr. Barber's limitation that Claimant cannot walk for long periods of time, kneel, or squat, but did not address the limitation in the RFC. R. 17-20. Although Dr. Hankins, a state agency consultant, opined that Claimant could "stand and/or walk about six hours in an 8-hour workday," R. 94, the ALJ did not explain why he adopted Dr. Hankins' opinion, to which he gave "greater weight," instead of Dr. Barber's opinion, to which he gave "significant weight."[4] R. 17-20. The ALJ determined that Claimant's RFC includes light work. R. 17. A job is in the light work category "when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. §§ 404.1567(b), 416.967(b). The ALJ did not explain the potential conflict between assigning Claimant an RFC of light work, which could require a good deal of walking, and affording significant weight to Dr. Barber's opinion that Claimant cannot walk for long periods of time. R. 17-20.

As in *Watkins*, the Commissioner argues that if Dr. Barber's opinion is interpreted as imposing greater limitations than those the ALJ found, then Dr. Barber's opinion would not be supported by his own examination or other evidence in the record. Doc. No. 14 at 20. *Watkins* points out that affirming on this basis would constitute a prohibited reliance on a post hoc rationale. *Watkins*, 457 F. App'x at 872. Because the ALJ failed to provide a clear explanation of the

---

[4] Although the ALJ gave Dr. Barber's opinions significant weight, he gave Dr. Barber's diagnoses less weight "as the doctor seemed to rely on much of what the claimant said as true when other factors, as explained in this decision, indicate that claimant may not always be truthful." R. 19.

treatment of Dr. Barber's limitation on Claimant's ability to kneel, squat, or walk in making his RFC finding, it is recommended that the decision be reversed.

### C.  Vocational Expert's Testimony and Dictionary of Occupational Titles

Claimant's final argument is that the testimony of the Vocational Expert ("VE") conflicted with the job descriptions in the Dictionary of Occupational Titles ("DOT"). Doc. No. 14 at 21-23. Claimant argues that the jobs the VE testified that Claimant could perform have a reasoning level of two ("R2"), which "requires the ability to: 'Apply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations.'" *Id.* at 22. Because the ALJ limited Claimant to "simple, repetitive, oral instructions with no tasks requiring math calculations," R. 55, Claimant argues that this conflicts with the definition of R2 jobs, and therefore, under Social Security Ruling 00-4p, the VE was required to explain the conflict. Doc. No. 14 at 22.

*McLain v. Astrue*, No. 8:06-CV-2156-T-TBM, 2008 WL 616094, at *6 (M.D. Fla. Mar. 3, 2008), supports Claimant's argument. In *McLain*, the ALJ limited the hypothetical posed to the VE to simple, repetitive tasks. *Id.* The VE responded with jobs with an R2 reasoning level, as prescribed by the DOT. *Id.* "The VE did not testify to the reasoning level required for each job." *Id.* The court found that "this raised an apparent conflict between the VE's testimony and the DOT." *Id.* "Pursuant to Social Security Ruling 00-4p, the ALJ should have asked the VE whether any possible conflict existed between her testimony and the DOT." *Id.* Because the ALJ did not ask the VE this question, and the VE did not state that her testimony was consistent with the DOT, the VE's testimony did not provide substantial evidence for the ALJ's determination. *Id.*

Here, the ALJ limited Claimant to jobs with simple, repetitive instructions. R. 17. As in *McLain*, the VE gave jobs with an R2 reasoning level and did not state whether his testimony was

consistent with the DOT.[5] R. 55-61. The VE testified that the jobs he listed do not require a functional mental ability equivalent to a twelfth grade education, R. 61, but this does not address whether there is a conflict between being limited to simple, repetitive tasks and being able to perform jobs with an R2 reasoning level. As the VE did not testify regarding possible inconsistencies between his testimony and the DOT, his testimony did not provide substantial evidence to support the ALJ's determination, and it is therefore recommended that the Court reverse.

## III.   CONCLUSION.

For the reasons stated above, it is **RECOMMENDED** that:

1.   The final decision of the Commissioner be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g); and

2.   The Clerk be directed to enter judgment for Claimant and close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**DONE** and **ORDERED** in Orlando, Florida, on March 7, 2017.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

---

[5] The VE did state the following regarding Claimant's past work as a fast food worker, which the ALJ found that Claimant could do, R. 20:

> Now, on the fast food worker, if you take a look at the description the DOT, [INAUDIBLE] to a degree cashier work. I include all fast food worker's, including those who cook, those who clean, and the fast food worker. I would say that the individual within the hypothetical would not be able to do the cashier work, but would be able to do the other work that fast food workers do.

R. 56.

Copies furnished to:

Richard A. Culbertson, Esq.
3200 Corrine Dr.
Orlando, FL 32803

A. Lee Bentley, III
United States Attorney
John F. Rudy, III
Assistant United States Attorney
400 N. Tampa St.
Suite 3200
Tampa, FL 33602

Mary Ann Sloan, Regional Chief Counsel
Jerome Albanese, Acting Regional Deputy Chief Counsel
Brian Seinberg, Branch Chief
Mikayla Bucci, Assistant Regional Counsel
Social Security Administration
Office of the General Counsel, Region IV
Atlanta Federal Center
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia 30303-8920

The Honorable Brian Dougherty
Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA ODAR Hearing Ofc
Desoto Bldg., Suite 400
8880 Freedom Crossing Trail
Jacksonville, FL 32256-1224